UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

                    Plaintiff,

          -against-

THE BROOKLYN DEFENDERS, et al.,

                    Defendants.

25-CV-7648 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. By order dated October 20, 2025, the Court dismissed the complaint for Plaintiff's failure to submit a prisoner authorization form. The following day, on October 21, 2025, Plaintiff's prisoner authorization form was docketed. Plaintiff then submitted several letters to the court. (ECF 13-14, 21-25). On November 6, 2025, Plaintiff submitted a notice of appeal and a motion for an extension of time to appeal.

The Court construes liberally construes Plaintiff's applications together as a motion for reconsideration, under Rule 59(e) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submissions, the Court grants the motion, vacates the order of dismissal and judgment (ECF 19-20), and directs the Clerk of Court to reopen this matter.

**DISCUSSION**

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where a notice of appeal is filed before the district court resolves a timely Rule 59(e) motion, however, the notice of appeal takes effect after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff timely filed her submissions (ECF 13-14, 21-25), which the Court has treated as a Rule 59(e) motion, within 28 days of entry of the judgment on October 22, 2025. The Court therefore has jurisdiction to consider her motion. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

At the time the Court issued the order dismissing this action for Plaintiff's failure to submit the prisoner authorization form, the Court was unaware that the form had already been received by the Clerk's Office. Accordingly, the Court grants Plaintiff's Rule 59(e) motion and will direct the Clerk of Court to vacate the order of dismissal and judgment and reopen this matter.

Plaintiff's motion for an extension of time to file a notice of appeal (ECF 27) and application for the court to request counsel on appeal (ECF 31) are denied as unnecessary.

## CONCLUSION

Plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure is granted. The Court direct the Clerk of Court to vacate the order of dismissal and judgment (ECF 19-20) and reopen this matter. Plaintiff's motion for an extension of time to file a notice of appeal (ECF

27) and application for the court to request counsel (ECF 31) are denied as unnecessary, and the

Clerk of Court is directed to terminate the motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 10, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3